ROBERT BRAXTON JARRATT, III,     :
     :
     Plaintiff     :
     :
vs.     :     Civil Action No. 1:26-cv-00051
     :
CITY OF CHATTANOOGA, ET AL.     :
     :
     Defendants.     :

## **ANSWER OF DEFENDANT, CITY OF CHATTANOOGA AND CITY EMPLOYEES**

Come the Defendants, City of Chattanooga ("City"), and City employees referenced in the initial Complaint as Officer Brandon Watson, Officer John Patterson, Officer Jeffrey Abbott, Former Officer Spencer Green, Officer Martin Hauge, Officer Barnes, Officer Chambers, Officer N. Ayres, and Jerri Sutton, by and through counsel, and submits its Answer to Plaintiff's Complaint as follows:

## **FIRST DEFENSE**

The Complaint fails to state any claim as to these Defendants upon which relief can be granted.

## **SECOND DEFENSE**

For specific answer to the allegations of the Complaint, Defendant City would state as follows:

1. The allegations set forth in the Introduction and assertions in the Complaint that the actions of all Chattanooga police officers and the City resulted in an unlawful seizure, arrest, and detention of the Plaintiff are denied. It is further denied that this incident was a gross violation of the Plaintiff's civil rights in any way based on the concerns expressed by persons who identified

themselves as the wife and mother of the Plaintiff during emergency mental health communications about a close relative. All statements that were recorded during the emergency calls by Plaintiff's relatives involved statements that the Plaintiff was armed and having suicidal ideations and a manifesto in his vehicle which was specifically identified by the relatives of Plaintiff to police officers by dispatch. It will be established that police officers responding to the emergency mental health dispatch were not provided information that Plaintiff was breaking up or estranged from his girlfriend or that she was knowingly misrepresenting his state of mind in order to have him detained and hospitalized due to his mental health. It is specifically denied that any Chattanooga police officers conspired with others to invent a fictitious narrative to have Plaintiff committed to a mental health facility based on the information available to them at the time he was legally detained under Tennessee law. All other allegations in the first paragraph of the Introduction are denied.

2. The City has no information about any custody and transportation to other mental health facilities after Plaintiff was taken to Erlanger Hospital for a mental evaluation by crisis intervention trained police officers. Any decisions by Erlanger Hospital to transfer Plaintiff to Parkridge Hospital for mental health treatment for nine days did not involve any input from the City. As such, any allegations as to the City or its officers set forth in the second and third paragraphs of the Introduction to the Complaint are denied.

3. The jurisdiction and venue allegations in Paragraphs 1, 2, and 3 of Plaintiffs complaint are admitted based on the Constitutional allegations against the City under 42 U.S.C. § 1983 and any supplemental state law claims under Tennessee law to the extent that they exist.

4. These defendants have no information about the address or citizenship of Plaintiff as set forth in Paragraph 4 of the Complaint and strict proof is demanded thereof in the trial of this cause.

5. The allegations in Paragraph 5 of the Complaint as to the City of Chattanooga are admitted.

6. The City admits, in part, and denies, in part, the allegations contained in Paragraph 6 of the Complaint. More Specifically, City admits that Officer Watson is a law enforcement officer in the Chattanooga Police Department Intervention Crisis Unit located in the Eastern District of Tennessee. City denies the remaining allegations contained in Paragraph 6 of the Complaint, and strict proof is herein demanded. It is further denied that Officer Watson has received proper service of process.

7. City admits, in part, and denies, in part, the allegation contained in Paragraph 7 of the Complaint. More specifically, City admits that Officer Patterson is a law enforcement officer with the Chattanooga Police Department located in the Eastern District of Tennessee. City denies the remaining allegations contained in Paragraph7 of the Complaint and strict proof is herein demanded. It is further denied that Officer Patterson has received proper service of process.

8. City admits, in part, and denies, in part, the allegations contained in Paragraph 8 of the Complaint. More Specifically, City admits that Officer Jeffrey Abbott is a law enforcement officer with the Chattanooga Police Department located in the Eastern District of Tennessee. City denies the remaining allegations contained in Paragraph 8 of the Complaint and strict proof is herein demanded. It is further denied that Officer Abbott has received proper service of process.

9. City admits, in part, and denies, in part, the allegations contained in Paragraph 9 of the Complaint. More Specifically, City admits that Spencer Green is a former law enforcement

officer with the Chattanooga Police Department located in he Eastern District of Tennessee. City denies the remaining allegations contained in Paragraph 9 of the Complaint and strict proof is herein demanded. It is further denied that Officer Green has received proper service of process.

10. City admits, in part, and denies, in part, the allegations contained in Paragraph 10 of the Complaint. More Specifically, City admits that Officer Hauge is a law enforcement officer with the Chattanooga Police Department located in the Eastern District of Tennessee. City denies the remaining allegations contained in Paragraph 10 of the Complaint and strict proof is herein demanded. It is further denied that Officer Hauge has received proper service of process.

11. City admits, in part, and denies, in part, the allegations contained in Paragraph 11 of the Complaint. More Specifically, City admits Officer Barnes is a law enforcement officer with the Chattanooga Police Department located in the Eastern District of Tennessee. City denies the remaining allegations contained in Paragraph 11 of the Complaint and strict proof is herein demanded. It is further denied that Officer Barnes has received proper service of process.

12. City admits, in part, and denies, in part, the allegations contained in Paragraph 12 of the Complaint. More Specifically, City admits that Officer Barrow is a law enforcement officer with the Chattanooga Police Department located in the Eastern District of Tennessee. City denies the remaining allegations contained in Paragraph 12 of the Complaint and strict proof is herein demanded. It is further denied that Officer Barrow has received proper service of process.

13. City admits, in part, and denies, in part, the allegations contained in Paragraph 13 of the Complaint. More Specifically, City admits Officer Williams is a law enforcement officer with the Chattanooga Police Department located in the Eastern District of Tennessee. City denies the remaining allegations contained in Paragraph 13 of the Complaint and strict proof is herein demanded. It is further denied that Officer Williams has received proper service of process.

14. City admits, in part, and denies, in part, the allegations contained in Paragraph 14 of the Complaint. More Specifically, City admits that Officer Chambers is a law enforcement officer with the Chattanooga Police Department located in the Eastern District of Tennessee. City denies the remaining allegations contained in Paragraph 14 of the Complaint, and strict proof is herein demanded. It is further denied that Officer Chambers has received proper service of process.

15. City admits, in part, and denies, in part, the allegations contained in Paragraph 15 of the Complaint. More specifically, City admits that Officer N. Ayres is a law enforcement officer with the Chattanooga Police Department located in the Eastern District of Tennessee. City denies the remaining allegations contained in Paragraph 15 of the Complaint and strict proof is herein demanded. It is further denied that Officer Ayres has received proper service of process.

16. City denies the allegations contained in Paragraph 16 of the Complaint regarding Jerri Sutton as Chief of Police, and strict proof is herein demanded. It is further denied that Jerri Sutton has received proper service of process.

17. City admits, in part, and denies in part, the allegations contained in Paragraph 17. More specifically, City admits that Phil Noblett is the City Attorney of Chattanooga and located in the Eastern District of Tennessee. City denies the remainder of allegations contained in Paragraph 17 of the Complaint and strict proof is herein demanded. City would further state that Attorney Noblett is ***not*** a proper party to these proceedings and was not listed as a Defendant in the style of this Complaint and has not been personally served as a Defendant in this proceeding.

18. The allegations contained in Paragraph 18 of the Complaint name Erlanger Health as a party and are not directed to the City and require no response from the City.

19.     The allegations contained in Paragraph 19 of the Complaint name HCA Healthcare, Inc. as a party and are not directed to the City and require no response from the City.

20.     The allegations contained in Paragraph 20 of the Complaint name Parkridge Medical Center, Inc. as a party and are not directed to the City and require no response from the City.

21.     The allegations contained in Paragraph 21 of the Complaint name Elijah Wyatt as a party and are not directed to the City and require no response from the City.

22.     The allegations contained in Paragraph 22 of the Complaint name Ahmed Ibrahim as a party and are not directed to the City and require no response from the City.

23.     The allegations contained in Paragraph 23 of the Complaint name John Carter as a party and are not direct to the City and require no response from the City.

<u>**General Allegations**</u>

24.     City denies all of the allegations contained in Paragraph 24 of the Complaint and strict proof is herein demanded.

25.     City admits, in part, and denies, in part, the allegations contained in Paragraph 25 of the Complaint. More specifically, the City admits that Plaintiff was stopped by Chattanooga Police Officers because of a 911 call which was received and dispatched to Chattanooga patrol officers. The callers identified themselves to be a wife or intimate partner and the mother of Plaintiff in Atlanta who advised that Plaintiff was having a manic episode, had purchased weapons and needed to be disarmed and admitted to a psychiatric hospital due to his mental state at that time. City denies the remaining allegations contained in Paragraph 25 of the Complaint and strict proof is herein demanded.

26. City denies the allegations contained in Paragraph 26 and strict proof is herein demanded.

27. City denies the allegations contained in Paragraph 27 of the Complaint and strict proof is herein demanded.

28. City denies the allegations contained in Paragraph 28 of the Complaint and strict proof is herein demanded.

29. City admits, in part, and denies, in part, the allegations contained in Paragraph 29 of the Complaint. More specifically, City admits that Plaintiff was taken to Erlanger Health System for evaluation of his mental health at the time based on proper procedure. City denies the remaining allegations contained in Paragraph 29 of the Complaint and strict proof is herein demanded.

30. The allegations contained in Paragraph 30 of the Complaint are directed to Erlanger and are not directed to the City, therefore require no response from the City.

31. The allegations contained in Paragraph 31 of the Complaint are directed to Dr. Elijah Wyatt and are not directed to the City, therefore require no response from the City.

32. The allegations contained in Paragraph 32 of the Complaint are directed to Erlanger and Parkridge medical center and are not directed to the City, therefore require no response from the City.

33. The allegations contained in Paragraph 33 of the Complaint are not directed to the City, therefore require no response from the City.

34. The allegations contained in Paragraph 34 of the Complaint are not directed to the City, therefore require no response from the City.

35.    The allegations contained in Paragraph 35 of the Complaint are not directed to the City, therefore require no response from the City.

36.    The City is without sufficient information to admit or deny the allegations contained in Paragraph 36 of the Complaint, as such, the same is denied and strict proof is herein demanded.

37.    The City is without sufficient information to admit or deny the allegations contained in Paragraph 37 of the Complaint, as such, the same is denied and strict proof is herein demanded.

38.    City denies the allegations contained in Paragraph 38 of the Complaint, and strict proof is herein demanded.

39.    City denies the allegations of any unlawful seizure relative to the City contained in Paragraph 39 of the Complaint, and strict proof is herein demanded.

40.    City denies the allegations of any damages as to the City contained in Paragraph 40 of the Complaint, and strict proof is herein demanded.

**<u>Count I- Municipal Liability for Illegal Seizure in Violation of US Constitution</u>**

41.    City incorporates its responses by reference to Paragraphs 1-40 of this Answer as if fully stated herein.

42.    City admits that its officers were following its policies when Plaintiff was detained and transported to medical doctors for evaluation of his mental state and for the safety of the Plaintiff and others after receiving communications from Plaintiff's family members. City denies the remaining allegations contained in Paragraph 42 of the Complaint and strict proof is herein demanded.

43. City denies the allegations contained in Paragraph 43 of the Complaint which name Sutton and Noblett as policymakers for the City and strict proof is herein demanded.[1]

44. City denies the allegations contained in Paragraph 44 of the Complaint and strict proof is herein demanded.

45. City denies all the allegations contained in Paragraph 45 of the Complaint and strict proof is herein demanded.

46. City denies the allegations contained in Paragraph 46 of the Complaint and strict proof is herein demanded.

47. City denies the allegations contained in Paragraph 47 of the Complaint and strict proof is herein demanded.

48. City denies all the allegations as to the City, Sutton, and Noblett contained in Paragraph 40 of the Complaint and strict proof is herein demanded.

### Count II- Illegal Seizure and Detention in Violation of the U.S. Constitution

49. City incorporates by reference its responses to Paragraphs 1-48 of this Answer as if fully stated herein.

50. City denies the allegations contained in Paragraph 50, and strict proof is herein demanded.

51. City denies the allegations contained in Paragraph 51 of the Complaint and strict proof is herein demanded.

52. The allegations contained in Paragraph 52 of the Complaint are not directed towards the City, therefore require no response by the City. However, it is denied that Erlanger,

---

[1] Former Assistant Police Chief Jerri Sutton and Attorney Noblett have not been properly served or named in their official capacities as defendants in these proceedings.

HCA, and Parkridge acted improperly or illegally in any mental health evaluation and strict proof is demanded thereof.

53.     To the extent that any wrongdoing of the City is alleged by the Plaintiff until he was eventually released by mental health professionals, the City denies it has any liability based on the allegations contained in Paragraph 53 of the Complaint and strict proof is herein demanded thereof.

54.     City denies the allegations as to its officers for any damages for illegal seizure contained in Paragraph 54 of the Complaint and strict proof is demanded thereof.

### Count III- Deprivation of Liberty without Due Process

55.     City incorporates by refence its responses to Paragraphs 1-54 of this Answer as if fully stated herein.

56.     City denies the allegations that its officers seized and transported Plaintiff without lawful justification or any improper or unconstitutional reasons contained in Paragraph 56 of the Complaint and strict proof is herein demanded thereof.

57.     The allegations contained in Paragraph 57 of the Complaint are directed towards other named defendants and arenot directed towards the City, therefore no response from the City is required.

58.     The allegations contained in Paragraph 58 of the Complaint are not directed towards the City, therefore no response from the City is required. It is denied that Plaintiff was not provided any constitutionally required due process protection based on any policy, custom or practice of the City.

59.     To the extent that Plaintiff alleges any wrongdoing by the City, the allegations contained in Paragraph 59 of the Complaint are denied and strict proof is herein demanded. It is

denied that Plaintiff was not provided any medication by hospital personnel during treatment based on any unconstitutional policy, custom or practice of the City.

60. To the extent that Plaintiff alleges any wrongdoing by the City following his detention for medical evaluation based on reasonable cause, the allegations contained in Paragraph 60 of the Complaint are denied and strict proof is herein demanded.

61. City denies all of the allegations contained in Paragraph 61 of the Complaint regarding any deprivation of his constitutional rights and damages for emotional distress, loss of freedom, reputational harm, physical injury, and economic loss, and strict proof is herein demanded.

62. City denies the allegations contained in Paragraph 62 of the Complaint regarding any claims against it or its employees, or policymakers under 42 U.S.C. § 1983 for compensatory, punitive damages, and all other law, and strict proof is herein demanded.

### Count IV- False Imprisonment Under Tennessee Law

63. City incorporates by reference its responses to Paragraphs 1-62 of this Answer as if fully stated herein.

64. City denies the allegations against its officers contained in Paragraph 63 of the Complaint and strict proof is herein demanded. This emergency detention without a warrant for treatment is authorized to obtain an examination for certification of need and care pursuant to Tenn. Code Ann. § 33-6-401 et seq. and was the basis for Emergency Involuntary Admission to Inpatient Treatment under applicable Tennessee law.

65. The allegations contained in Paragraph 65 of the Complaint are not directed towards the City, therefore require no response from the City.

66.     The allegations contained in Paragraph 66 of the Complaint are not directed towards the City, therefore require no response from the City.

67.     City denies the allegations contained in Paragraph 67 of the Complaint that it or any of its officers are liable for false imprisonment of Plaintiff and strict proof is herein demanded.

## Count IV- Conspiracy

68.     City incorporates by reference its responses to Paragraphs 1-67 of this Answer as if fully stated herein.

69.     City denies the allegations contained in Paragraph 69 of the Complaint that it or any of its officers or employees or policymakers acted jointly or in concert to deprive Plaintiff of his constitutional rights and strict proof is herein demanded.

70.     City denies all allegations contained in Paragraph 70 of the Complaint and strict proof is herein demanded.

71.     City denies all allegations contained in Paragraph 71 of the Complaint of any joint and several liability for any unlawful conspiracy and/or damages to Plaintiff and strict proof is herein demanded.

72.     City denies that the City or any of its officers, employees, or policymakers engaged in any wrongdoing or conspiracy that would entitle Plaintiff to recover any damages from the City or any of its officers, employees, or policymakers by any Court or jury based on proof and strict proof is herein demanded.

## THIRD DEFENSE

Defendant City specifically asserts all defenses applicable to it under the Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. §§ 29-20-101 *et seq*., and incorporates by

reference herein all defenses specified therein. In particular, Defendant City and its employees rely upon the following provisions:

A. T.C.A. § 29-20-205 sets out nine (9) specific exceptions if immunity from suit is removed for governmental entities, except if the injury arises out of:

    i. T.C.A. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

    ii. T.C.A. § 29-20-205(2): False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights.

    iii. T.C.A. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceedings, even if malicious or without probable cause;

B. T.C.A. § 29-20-307 provides for the right to trial without a jury; and

C. T.C.A. § 29-20-310(b) and (c) provides "no claim may be brought against an employee or judgment entered against an employee for damages for which the immunity is removed" or "for which the governmental entity is immune in any amount in excess of the amounts established for governmental entities in § 29-20-403."

D. T.C.A. § 29-20-403 limits any liability of governmental entities for any state law claim to the statutory limits of liability applicable as of February 18, 2025.

## FOURTH DEFENSE

Defendant City denies that it or any of its officers, employees, or policymakers violated the Plaintiff's constitutional rights in connection with this incident or that City or any of its officers,

employees, or policymakers violated 42 U.S.C. §§1983 or 1988 in any actions taken toward the Plaintiff.

**FIFTH DEFENSE**

Defendant City submits that Officers Watson, Patterson, Abbott, Green, Hauge, Barnes, Barrow, Williams, Chambers, Ayres and Sutton, in their individual capacities, enjoy qualified immunity for their actions as police officers of the City when they acted on-duty as police officers pursuant to the duly enacted laws of the City and the State of Tennessee.

**SIXTH DEFENSE**

City asserts that immunity is generally preserved for governmental entities for state law claims unless a specific exception under the TGTLA removes its immunity. *See Kirby v. Macon County*, 892 S.W.2d 403 (Tenn. 1994).

**SEVENTH DEFENSE**

City denies that any federal constitutional violation claim by Plaintiff has occurred as a result of any unconstitutional policy, custom or practice adopted by any official policymaker of City.

**EIGHTH DEFENSE**

City would show that there was no illegal action taken by any police officers employed by the City of Chattanooga towards Plaintiff in their capacities as police officers and no actions by the Officers occurred as a result of any unconstitutional policy, custom, or practice adopted by City. City would submit that the actions of its officers and employees were proper based on applicable Tennessee law at Tenn. Code Ann. § 33-6-401 et seq. for Emergency Involuntary Admission to Inpatient Treatment and known facts provided to them at the time.

## **NINTH DEFENSE**

City states that it cannot be held liable for any damages asserted by this Plaintiff claimed on the grounds that any alleged injuries sustained by Plaintiff were not proximately caused by or directly related to any unconstitutional policy, custom or practice of City. City would further specifically assert that it cannot be held liable for the actions of its employees under 42 U.S.C. § 1983 on the basis of *respondeat superior*. City would assert that the actions of Officers Watson, Patterson, Abbott, Green, Hauge, Barnes, Barrow, Williams, Chambers, Ayres and Sutton, as relayed to the Police Chief were objectively reasonable based upon the facts known to him at the time and that they did not violate Plaintiff's constitutional rights based on their qualified immunity. It is further submitted that none of these officers, in their official capacities, violated any statutory or common laws of the State of Tennessee in connection with this Emergency Involuntary Admission to Inpatient Treatment pursuant to Tenn. Code Ann. § 33-6-401 et seq. or other applicable law.

## **TENTH DEFENSE**

Officers Officers Watson, Patterson, Abbott, Green, Hauge, Barnes, Barrow, Williams, Chambers, Ayres and Sutton, have not been properly served as of the date of filing of the City's Answer, therefore are not proper parties to this lawsuit.[2]

## **ELEVENTH DEFENSE**

City will establish that it cannot be subject to punitive damages in this case as a matter of law and that any punitive damages claimed against it or any officers, employees, or policymakers is not supported by the facts or law pursuant to 42 U.S.C. § 1988 and/or 28 U.S.C. § 1927.

---

[2] Former Assistant Police Chief Jerri Sutton and Attorney Noblett have not been properly served or properly named as defendants in this proceeding and should be dismissed based on the applicable statutes of limitations under T.C.A. § 29-20-305(b) and applicable federal law.

Page **15** of **18**

## TWELFTH DEFENSE

Defendant City asserts that Plaintiff is barred from recovery under a negligence theory pursuant to the doctrine of comparative fault because the Plaintiff or other entities are at least fifty-one (51%) percent at fault for any alleged injuries or damages sustained by the Plaintiff.

## THIRTEENTH DEFENSE

Defendant City will establish that it properly trained and supervised its employees on February 18, 2025, above and beyond the standards required under Tennessee law. The City of Chattanooga will establish that there was no negligent training or supervision of its officers on or before February 18, 2025, which proximately caused any injury or damages to the Plaintiff.

## FOURTEENTH DEFENSE

Defendant City would submit that its officers, employees, and policymakers did not engage in any conduct as a City employee that was so outrageous that it would not be tolerated by civilized society and that the City is immune from suit for any claims of malicious harassment under Tenn. Code Ann. §§ 4-21-701 or 29-20-205. Defendant City will further establish that any named Defendant Officers did not act towards this Plaintiff based on ill-will, hatred, or spite based on race, color, ancestry, religion, or national origin and that this defendant cannot be liable based on *respondeat superior* for the actions of Defendant Officers in this incident.

## FIFTEENTH DEFENSE

Defendant City would submit that no officers, employees, or policymakers of the City breached any duty owed to the Plaintiff and that Plaintiff has not suffered any serious or severe emotional injury supported by any expert medical proof as required by Tennessee law.

## SIXTEENTH DEFENSE

All named officers, employees, and policymakers of the City who were not timely served within twelve months of February 18, 2025 assert that such claims against them are time barred pursuant to T.C.A. § 29-20-305 and applicable federal law.

## SEVENTEENTH DEFENSE

This Defendant reserves the right to assert any additional defense which its investigation or discovery reveals may apply to bar in whole or in part any of Plaintiff's claims.

WHEREFORE, having fully answered, Defendant City of Chattanooga and/or all of its officers, employees and policymakers pray that this cause filed against them be dismissed and that they be allowed to recover any reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and/or Tenn. Code Ann. § 29-20-113 for their defense in this matter.

Respectfully submitted,

CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY

By: s/ Kathryn C. McDonald
     KATHRYN C. McDONALD – BPR #30950
     ANDREW S. TRUNDLE – BPR #30381
     *Assistant City Attorneys*
     100 East 11th Street, Suite 200
     Chattanooga, Tennessee 37402
     (423) 643-8250 - Telephone
     (423) 643-8255 - Fax

     *Attorneys for Defendants, City, Named Officers*
     *And Policymakers*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Robert Braxton Jarratt, III
150 E. 23rd Street, Apt. 5D
New York, NY  10010
bjarratt@gmail.com

D. Barrett Broussard
Attorney at Law
925B Peachtree Street NE #347
Atlanta, GA  30309

This 17th day of June, 2026.

s/ Kathryn C. McDonald
KATHRYN C. McDONALD

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250
pnoblett@chattanooga.gov
kmcdonald@chattanooga.gov
atrundle@chattanooga.gov